IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FANCISCO NARVAEZ, ) | |
| ) | |
| Plaintiff, ) | No. 14-cv-10388 |
| ) | |
| v. ) | Judge Ronald A. Guzmán |
| ) | |
| ROBERT G. WILMERS and ) | |
| RENE F. JONES, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, Defendants' motion to dismiss [12] is granted. All of Plaintiff's claims are dismissed without prejudice and Plaintiff may file an amended complaint within 30 days of the date of this order.

## STATEMENT

Francisco Narvaez ("Plaintiff") filed suit *pro se* against Robert Wilmers and Rene Jones ("Defendants") on December 29, 2014, claiming mortgage fraud. (Compl., Dkt. # 1.) Defendants moved to dismiss the complaint on January 22, 2015. (Mot. Dismiss, Dkt. # 12.)

For the reasons set forth below, the Defendant's Motion to Dismiss is granted.

## Background

Both the precise nature of Plaintiff's claims and the factual basis for them are far from clear. Plaintiff's complaint is a form complaint used for civil rights actions, though Plaintiff does

1

not appear to be asserting a traditional civil rights claim; in the section asking how government officers or officials have violated Plaintiff's rights, he marked "Other" and wrote in "Mortgage Fraud." (Compl., Dkt. # 1 ¶ 6.) The only other information on the complaint form states that Plaintiff sent various requests for information to Defendants and that Defendants never responded, though the nature of the information Plaintiff requested is not specified.

The "Statement of Facts" appended to the complaint form fails to provide much more clarity, as it too contains no allegations of mortgage fraud. Rather, the only facts alleged are that bank officers must take oaths under the National Banking Act of 1864, and that Defendants violated such oath by: (1) "extending a Mortgage agreement for beyond the statutory limit"; (2) "not providing consideration in a said loan or providing from an external source in violation of the original agreement"; (3) "failing to answer several freedom of information act requests as well as failing to answer to challenges to the debt"; (4) "endorsing the Note/Bond after the initial transaction in order to receive funds through [Plaintiff's] signature"; (5) "fraudulently acting as and assuming the legal position of a Lender when in fact they provided no consideration in the contract; and (6) "transferring a loan after actions and notice of fraud had been made against the transaction." (Compl., Dkt. # 1, Stmt. Facts at ¶¶ 1-2.) The rest of the Statement of Facts is comprised of various demands for hearings, documents, and actions that Defendants should take, along with incomprehensible references to sundry federal laws. The Statement of Facts nowhere states what relationship Plaintiff has with Defendants. It does, however, obliquely hint about "the contract [Defendants'] institution made with [Plaintiff]," suggesting that Plaintiff has or had a mortgage agreement with M&T Bank, which employs Defendants.[1]

---

[1] The Statement of Facts identifies defendant Wilmers as the "Chairman and Chief Executive Officer" of M&T Bank, and defendant Jones as "Vice Chairman and Chief Financial Officer."

While Plaintiff's complaint fails to elucidate his precise dispute with M&T Bank, Defendants' briefing helps shed some light on the matter. Defendants assert in their motion to dismiss that Plaintiff entered into a mortgage agreement with a different bank entirely, and that this mortgage was later assigned to M&T Bank. (Mot. Dismiss, Dkt. # 12 at 4.)[2] M&T Bank recently foreclosed on Plaintiff's property pursuant to the mortgage. (Def"s' Reply, Dkt. # 25 at 3 n. 1.) As such, Plaintiff appears to be challenging either the validity of his underlying mortgage agreement or the legitimacy of the mortgage's assignment to M&T Bank.

**<u>Legal Standard</u>**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12. In ruling on a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). A court is not, however, obliged to accept as true mere "labels and conclusions" or "naked assertion[s]" lacking "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Having accepted factual allegations and drawn reasonable inferences in the plaintiff's favor, a court may then dismiss a complaint that fails to "state a claim for relief that is plausible on its face." *Id.* at 570.

Litigants proceeding *pro se* are not held to the same pleading standards as are trained lawyers. *See Kyle v. Patterson,* 196 F.3d 695, 697 (7th Cir. 1999) (holding that "it is well-settled law in this circuit that *pro se* complaints are not held to the stringent standards expected of

---

[2] Defendants include as exhibits to their motion copies of both the original mortgage agreement and the assignment document. (Mot. Dismiss, Dkt. # 12, Exs. A, B.) While a court must ordinarily rule on a motion to dismiss based only on the content of the complaint itself, "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Wright v. Assoc. Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994). As Plaintiff alleges mortgage fraud and seems to suggest that the transfer of his debt was invalid, both the mortgage agreement and the assignment documents are central to his claim.

pleadings drafted by lawyers. Rather, *pro se* complaints are to be liberally construed"). Nonetheless, nothing excuses a *pro se* litigant from the requirement that a complaint give the defendant fair notice of the claim and the factual allegations on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A *pro se* complaint that fails to comply with procedural rules or pleading technicalities will be "given a break" only if it is "otherwise understandable." *Hudson v. McHugh,* 148 F.3d 859, 864 (7th Cir. 1998).

## **Discussion**

While the Court construes *pro se* pleadings liberally, Plaintiff's complaint fails to state any comprehensible claim to relief under even that relaxed form of review. As an initial matter, Plaintiff's complaint fails wholly to suggest why Plaintiff is suing individual bank officers rather than M&T Bank itself; he does not allege that either of the Defendants were in any way involved in the origination or servicing of his mortgage, and the Court is unaware of any authority establishing that corporate officers of a bank are personally liable for conduct attributed to the bank generally. Plaintiff's complaint fails to allege any actions whatsoever taken by the two individuals against whom he brings suit, and this alone is sufficient to justify dismissal of the complaint.

Moreover, even if Plaintiff had brought suit against M&T Bank rather than its officers, the complaint would still fail to set forth a short and plain statement sufficient to put Defendants on notice of the claims against them. All of Plaintiff's allegations relating to the creation of his mortgage state a cause of action only against the bank that originated the mortgage. Any claims of fraud involving the creation of a mortgage must be asserted against a party to the mortgage agreement. *See Dowdy v. First Metro. Mortg. Co.*, No. 01 C 7211, 2002 WL 745851, at *3 (N.D.

Ill. Jan. 29, 2002) (stating that "Illinois law is absolutely clear that ... assignees of the allegedly fraudulent mortgage cannot be held liable" for the alleged fraud of an assignor). The only claims in Plaintiff's complaint that relate to M&T Bank are that the bank refused to provide him with requested information and that the assignment of the mortgage to M&T Bank is wrongful in some unspecified way.

Plaintiff's allegations that the bank failed to respond to his demands for information or documents fail to state a claim. Plaintiff states that Defendants were sent "a qualified written request for interrogatories deposition and discovery of alleged debt collectors/creditors disclosure statement," but there is no suggestion as to what these demands requested or when or how they were sent. (Compl., Dkt. # 1 ¶ 10.) Additionally, it is unclear why Plaintiff believes he is legally entitled to a response, because while he makes stray mention to several federal laws he fails to articulate how any of them are applicable to his situation. To the extent that Plaintiff believes he is entitled to a response based on the Freedom of Information Act ("FOIA"), he is mistaken. FOIA requires the release of government records by federal agencies. *See* 5 U.S.C. § 552(b); *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007). Plaintiff does not – and cannot – claim that either the private individuals he names as Defendants or M&T Bank are a federal agency. To the extent that Plaintiff believes he is entitled to a response based on the Fair Debt Collections Practices Act ("FDCPA"), he is mistaken there as well. The FDCPA applies only to consumer debt entered into for personal purposes. *See* 15 U.S.C. §§ 1692a(5). Plaintiff's mortgage agreement at issue was for business purposes, and is therefore not covered under the FDCPA. (Mot. Dismiss, Dkt. # 12, Ex. A at s. 4.10) ("The loan evidenced by this Note… is solely for business purposes of Borrower, and is not for personal, family, household, or agricultural purposes.") To the extent that Plaintiff believes he is entitled to a response under the National

Banking Act of 1864 ("NBA"), he is again incorrect. The NBA is a regulatory statute intended to be enforced by the government, and does not provide a private right of action for violations by bank officers. *See Thompson v. St. Nicholas Nat'l Bank*, 146 U.S. 240 (1892) (holding that "where the provisions of the national banking act prohibit certain acts by banks or their officers, without imposing any penalty or forfeiture applicable to particular transactions which have been executed, their validity can be questioned only by the United States, and not by private parties").

Finally, while the complaint itself offers no hint as to why Plaintiff feels the transfer of his mortgage to M&T Bank or the bank's enforcement of it was improper, his response to the motion to dismiss clarifies his actual claim in this case: he asserts that Defendants are required to produce on demand the original promissory note with Plaintiff's "wet ink signature," and he claims that he is a victim of theft or fraud because the original note is "either lost or stolen." (Pl.'s Resp., Dkt. # 22.)[3] This debtor's ploy is a popular strategy in fighting foreclosure actions. *See Stein v. Chase Home Fin., LLC*, 2010 WL 4736828, at *3 (D. Minn. Aug. 13, 2010) (collecting cases involving the "show me the note" theory of debt avoidance). Illinois law – which governs this mortgage agreement – rejects this theory. *See Parkway Bank & Trust Co. v. Korzen*, 2013 Ill. App. 130380, ¶ 25 (2013) (explaining that "[t]his tactic does not work in Illinois" because the Illinois Foreclosure Law does not require production of the original note). Even if a demand for the original note were a valid defense to foreclosure action in Illinois, the Court fails to understand how Plaintiff purports to use this theory offensively to create a *federal* cause of action.

As explained above, Plaintiff's complaint fails to adequately articulate the factual basis for any of his purported federal claims because it falls below even the minimum standards of

---

[3] While Plaintiff styled this filing as a "Motion to Strike Defendants' Motion to Dismiss," the Court construed it as a response to the motion to dismiss and instructed the parties to do the same. (Dkt. # 24.)

comprehensibility to which *pro se* complaints are held. Moreover, even the Court's best guess as to Plaintiff's actual argument reveals that all of his plausible federal claims against Defendants or M&T Bank fail as a matter of law. To the extent that Plaintiff seeks to raise state law claims, he fails to allege facts to support subject matter jurisdiction. Plaintiff's complaint contains no statements regarding the citizenship of the parties, and as such jurisdiction appears to rely on the fact that Plaintiff alleges violation of several federal laws. As discussed above, however, none of the federal laws Plaintiff cites apply in this case, and the complaint therefore fails to allege that any of Plaintiff's federal rights were violated. Because subject matter jurisdiction appears to be lacking, the case must be dismissed without prejudice. Plaintiff may file an amended complaint either adequately alleges federal claims or contains sufficient allegations to support diversity jurisdiction, and is given 30 days from the date of this order to do so.

## CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss [12] is granted. All of Plaintiff's claims are dismissed without prejudice. Plaintiff may file an amended complaint within 30 days of the date of this order.

**SO ORDERED.**                                   **ENTERED:   March 24, 2015**

*Ronald A. Guzman*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
**HON. RONALD A. GUZMAN**
**United States District Judge**